## MAGNUS *v.* UNITED STATES (No. 33).[1]

ARTIFICIAL MUSK.

It not appearing from the evidence that the dominant characteristic of this com-
modity is derived from coal tar, it is not to be classed as coal tar; and tri-nitro-iso-
butyl-xylol, or artificial musk, was dutiable under paragraph 3, tariff act of 1897.

United States Court of Customs Appeals, January 11, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York
(T. D. 29727).

[Affirmed.]

*John Giblon Duffy* and *Joseph G. Kammerlohr* for appellants.
*D. Frank Lloyd,* Assistant Attorney General (*Charles D. Lawrence* on the brief), for
the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

DE VRIES, Judge, delivered the opinion of the court:
Artificial musk, constituently known as tri-nitro-iso-butyl-xylol
was imported by the appellants at the port of New York and assessed
for dutiable purposes by the collector of customs at the rate of 25
per cent ad valorem under the pertinent provisions of paragraph 3
of the tariff act of 1897.   That paragraph is as follows:

3. Alkalies, alkaloids, distilled oils, essential oils, expressed oils, rendered oils, and
all combinations of the foregoing, and all chemical compounds and salts not specially
provided for in this act, twenty-five per centum ad valorem.

Claim by appellants, then protestants, was made that the merchan-
dise was properly dutiable at the rate of 20 per cent ad valorem as a
"coal-tar product or preparation," not a color or dye, and not medi-
cinal, under the provisions of paragraph 15 of the same act, which
reads:

15. Coal-tar dyes or colors, not specially provided for in this act, thirty per centum
ad valorem; all other products or preparations of coal tar, not colors or dyes and not
medicinal, not specially provided for in this act, twenty per centum ad valorem.

The sole issue in this case is whether or not tri-nitro-iso-butyl-
xylol, or artificial musk, is a coal-tar product or preparation.
The history of the litigation affecting this case is as follows: Some
years previously this issue was made before the Board of General

---

[1] Reported in T. D. 31212 (20 Treas. Dec., 85).

Appraisers, and it was decided by them not to be a coal-tar product or preparation, but a chemical compound properly dutiable under paragraph 3 of the tariff act quoted.

Upon appeal to the United States Circuit Court for the Southern District of New York this decision was affirmed by consent.

The issue was again raised at the same port, and being duly noticed for trial before the Board of General Appraisers, the appellants here appeared and introduced one witness who testified in the case. The witness, while a graduate chemist, was an employee of the importing firm, and was not able to afford the board testimony as to any considerable experience upon his part as an analytical chemist or a chemist with any extended experience in the analysis of this article. It appears from the record that his knowledge was purely experimental. It was sought to establish by him, a single witness, that the trade generally knew and considered and dealt in the imported article as a coal-tar production. The board found against the importer in this case upon the ground that no satisfactory evidence had been introduced to cause the board to reverse its previous decision which had been affirmed by consent in the court on appeal.

Upon this record the court does not feel justified in reversing the decision of the board. It is by no means convincing of error. It would seem that in the presence of so many available witnesses upon this subject as are in the city of New York and the available process of the Board of General Appraisers to summon such witnesses, that if clear and satisfactory testimony existed it would be produced.

Moreover, accepting as conclusive all the testimony in the record as to the facts in the case, we are unable to discover any sound reason for reversing the decision of the board. What appears to us to be a clear and pertinent statement of the requirements of proof to bring this article within purview of paragraph 15 of the tariff act of 1897, as a coal-tar product or preparation, is announced in the case of In re Roessler & Hasslacher Chemical Co. (49 Fed. Rep., 272), and affirmed in the same case (56 Fed. Rep., 481). Judge Lacombe states:

Nor is it particularly material that other substances have been added, if the *determining characteristic of the product or preparation* is something which it has received from coal tar * * *.

It seems to us that aside from any quantitative predominance in order to bring the article within purview of that statute it should be shown by the party holding the affirmative that coal tar was a dominating element to the extent that the efficiency, or at least the dominating characteristic, of the imported merchandise was derived from coal tar. In this case such proof is not made in the record.

*Affirmed.*